# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

PATRICIA MOORE,

       Plaintiff,

v.                              CASE NO.: 1:12cv185-SPM/GRJ

NORTH CENTRAL FLORIDA HOSPICE,
INC., a Florida nonprofit corporation, and
TIM BOWEN, individually,

       Defendants.

_____/

## ORDER

Pending before the court is the parties' Joint Motion for Dismissal with Prejudice of Plaintiff's Complaint. (Doc. 29). On February 15, 2013, the plaintiff entered a notice of voluntary dismissal with prejudice (doc. 27). Although, ordinarily, a plaintiff is free to voluntarily dismiss a claim with prejudice and without a court order before the opposing party serves an answer, *see* Fed. R. Civ. P. 41(a)(1)(A)(i), or by a stipulation of the parties, *see* Fed. R. Civ. P. 41(a)(1)(A)(ii), in this instance, the court entered an order dismissing the case without prejudice because the claim arises under the Fair Labor Standards Act ("FLSA").[1] Dismissal with prejudice of an FLSA claim forecloses the plaintiff from re-filing her claim and is tantamount to a private settlement; thus, court approval is necessary. *Perez-Nunez v. N. Broward Hosp. Dist.,* 609 F. Supp.2d 1319, 1320-21 (S.D. Fla. 2009). A private settlement of an FLSA claim must be scrutinized by a court to determine whether it is fair and reasonable. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To enable the court to perform this duty, the parties must provide sufficient factual context about the case for the court to make an independent determination that dismissal with prejudice is fair and reasonable.

The court's prior order of dismissal without prejudice (doc. 28) granted the parties an opportunity to obtain a dismissal with prejudice upon demonstration that this would be

---

[1] Additionally, the notice in this instance was not signed by all parties; also, the defendant had already filed an answer and the parties had engaged in discovery, thus the plaintiff was unable to unilaterally dismiss the case without court order pursuant to Fed. R. Civ. P. 41(a)(1).

a fair and reasonable resolution of the plaintiff's FLSA claim. The parties have now filed a joint motion for dismissal with prejudice, which the court has carefully reviewed along with the pleadings. The record demonstrates that the plaintiff filed a one-count complaint under the FLSA, seeking overtime compensation on grounds that she had been improperly classified as an exempt employee. The defendant filed an answer, asserting that the plaintiff was properly paid while she was a non-exempt employee, including payment for overtime hours, and that while she was employed as an exempt employee, she was paid a salary and was not entitled to overtime pay for hours worked in excess of 40 hours per week. With each side represented by counsel, the parties then engaged in discovery. Counsel now jointly represent that during discovery, the plaintiff learned that she in fact had been properly classified as an exempt employee and had been properly paid for all hours she worked.

Although counsels' assertions in the joint motion to dismiss with prejudice are conclusory in nature, the court gives credence to their representation that discovery has confirmed plaintiff's exempt status and proper payment. Because the parties and counsel for both sides are in agreement that the discovery revealed plaintiff was in fact both properly categorized and properly paid, there are no facts in dispute suggesting that the plaintiff has *any* FLSA claim in this case.[2] In *Perez-Nunez*, the court acknowledged that voluntary dismissal with prejudice in return for nothing might be fair and reasonable if the FLSA claim asserted was "particularly dubious." 609 F. Supp.2d at 1320. Here, the plaintiff has no FLSA claim to be compromised by a dismissal with prejudice, let alone a "dubious" one. *See id.* Thus, the joint motion to dismiss with prejudice will be granted.

Accordingly, the Joint Motion for Dismissal with Prejudice of Plaintiff's Complaint (doc. 29) is GRANTED. The Clerk is directed to enter judgment dismissing the case with prejudice.

**SO ORDERED** this 25th day of March, 2013.

s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] No other claims were raised in the complaint under the FLSA or otherwise.